UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROLLAND HANLEY,<br><br>Plaintiff,<br><br>v.<br><br>OPINSKI, et. al.,<br><br>Defendants. | **CASE NO. 1:16-cv-00391-DAD-MJS**<br><br>**FINDINGS AND RECOMMENDATIONS FOR ACTION TO PROCEED ON COGNIZABLE FOURTEENTH AMENDMENT CLAIMS AND TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>**(ECF NO. 9)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |
|---|---|

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On October 19, 2016, the undersigned screened Plaintiff's complaint and concluded that some, but not all of Plaintiff's claims were cognizable. (ECF No. 5.) Plaintiff was ordered to file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. Plaintiff did not respond and, on February 17, 2017, the action was closed by the District Judge. (ECF No. 6.)

On March 22, 2018, the District Judge reopened the matter. (ECF No. 10.) Plaintiff's first amended complaint is now before the Court for screening. (ECF No. 9.)

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff initiated this action while detained at the Napa State Hospital; he now is confined at the Merced County Jail. The circumstances of his current detention are unknown to the Court. The caption of the first amended complaint names Merced County Police Sergeant Gorman (identified in the original complaint as Doe 1) as the only defendant. However, it appears Plaintiff also intends to proceed against Merced County Police Officer Opinski.

Plaintiff's allegations may be summarized essentially as follows:

2

On November 8, 2014, Plaintiff was stopped by PO Opinski while he was walking with his dog and girlfriend, Kathy. PO Opinski took Kathy aside and asked her if she knew Plaintiff's whereabouts in the early morning of November 5, 2014, when a 79 year old woman named Carol Ann Watts was attacked and "left for dead." Kathy told PO Opinski that Plaintiff was at home with her and their roommates at that time. PO Opinski said he was on orders from his sergeant to take Plaintiff in for questioning, whereupon PO Opinski took Plaintiff to the Merced County police station.

At the station, Sergeant Gorman had Plaintiff arrested for elder abuse and assault with great bodily injury. At the time, Gorman knew Plaintiff was innocent.

On November 21, 2014, Plaintiff was released on bond, with Gorman's approval. However, Gorman told the family of Carol Ann Watts that Plaintiff was out of jail, that he was guilty, and that he would face no consequences for his action. As a result, the family of Watts organized a vigilante mob to kill Plaintiff. Another homeless man stopped the mob from killing Plaintiff.

On July 8, 2015, Plaintiff was taken to his preliminary hearing. The Department of Justice confirmed there was no DNA on Plaintiff's shoes, "proving Sergeant Gorman fabricated evidence claiming he conducted a pap-smear test on the tennis shoe that came back positive for blood believing to be of Carole Ann Watts." A witness, Johnny Mackey, came to court and testified that Gorman forced him to pick Plaintiff out of a six-pack line up, even though Mackey told Gorman that Plaintiff did not look like the suspect who had assaulted Watts. Opinski confirmed at the hearing that Gorman had forced Opinski to arrest Plaintiff, knowing Plaintiff was innocent.

Although not stated in the first amended complaint, Plaintiff has previously alleged that the charges against him were dismissed.

Plaintiff alleges violations of his Eighth Amendment rights. He seeks money damages.

///

///

## IV. Analysis

### A. Eighth Amendment

Plaintiff brings his claims under the Eighth Amendment. However, as an arrestee and pretrial detainee, his rights are protected under the Fourth and Fourteenth Amendments. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002); Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). Accordingly, his Eighth Amendment claims should be dismissed without further leave to amend.

### B. Fourteenth Amendment Due Process

The Due Process Clause protects individuals from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

#### 1. Wrongful Prosecution

The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001); see also Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111-12 (9th Cir. 2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"). To state such a claim, Plaintiff must point to the evidence he contends was deliberately fabricated. Bradford v. Scherschligt, 803 F.3d 382, 386 (9th Cir. 2015). He can then point to evidence of one of the following to prove the fabrication was deliberate: "(1) Defendants continued their investigation of [Plaintiff] despite the fact

4

that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076.

Here, Plaintiff states that Sergeant Gorman forced an eyewitness named Johnny Mackie to choose Plaintiff's picture from a photo array and lied about possessing biological evidence linking Plaintiff to the crime. All charges against Plaintiff were dismissed once these facts came to light. At this stage, Plaintiff has alleged sufficient facts to show Sergeant Gorman deliberately fabricated evidence against Plaintiff.

### 2. Wrongful Incarceration

The Fourteenth Amendment does not protect against all deprivations of liberty, and false imprisonment or deprivation of liberty is not per se unconstitutional merely because the defendant is a state official. Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir. 1985) (citing Baker v. McCollan, 443 U.S. 137, 146 (1979)). Rather, the Fourteenth Amendment "protects only against deprivations of liberty accomplished without due process of law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Thus, where a plaintiff claims he was wrongfully arrested and incarcerated, courts look to whether the circumstances surrounding plaintiff's arrest and incarceration afforded plaintiff necessary procedural protections, such as probable cause for the arrest and the right to a speedy trial. Id. at 144.

A plaintiff's ultimate innocence of the charges is "largely irrelevant," as the Constitution does not guarantee that "only the guilty will be arrested." Baker, 443 U.S. at 145. Law enforcement officials are not expected to investigate independently every claim of innocence. Id. at 145-46. "The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." Id. However, in cases where a plaintiff alleges the defendants should have known the plaintiff was innocent of the charges, his incarceration may violate Due Process where either "(1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the

plaintiff access to the courts for an extended period of time." Garcia v. Cty. of Riverside, 817 F.3d 635, 640 (9th Cir. 2016) (quoting Rivera v. Cty. of Los Angeles, 745 F.3d 384, 391 (9th Cir. 2014).

Here, Plaintiff contends that Opinski acknowledged that he knew Plaintiff was innocent at the time of the arrest, but nonetheless conducted the arrest on Gorman's orders. The allegation that Opinski and Gorman knew that Plaintiff was innocent at the time of the arrest is sufficient at the pleading stage to suggest a cognizable claim for wrongful incarceration.

## V. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on cognizable Fourteenth Amendment claims against Defendants Gorman and Opinski;
2. Plaintiff's Eighth Amendment claim be dismissed with prejudice for failure to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 25, 2018         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE