# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLLAND HANLEY, | Case No. 1:16-cv-00391-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO PROVIDE CURRENT ADDRESS |
| v. | |
| OPINSKI, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**BACKGROUND**

Plaintiff Rolland Hanley is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2016. (ECF No. 1.) The action was dismissed on February 17, 2017 for Plaintiff's failure to provide an updated address. (ECF No. 6.) On June 8, 2018, Plaintiff filed a notice of change of address and the order dismissing the case was re-served. (ECF No. 8.) Plaintiff filed a first amended complaint on November 14, 2017. (ECF No. 9.) On March 3, 2018, District Judge Dale A. Drozd issued an order reopening the case based on Plaintiff's allegations that he was homeless and suffering from severe emotional distress. (ECF No. 10.) Plaintiff was forewarned in the March 3, 2018 order that should he encounter the same or similar circumstances he is required to take whatever steps necessary to

1

advise the court of his current address. (Id. at 2 n.1.) Plaintiff was advised that should he fail to do so this action would be dismissed and would not be reopened. (Id.)

On April 19, 2018, this action was reassigned to the undersigned upon the retirement of United States Magistrate Judge Michael J. Seng. (ECF No. 12.) On May 3, 2018, the order reassigning this action was returned by the United States Postal Service as undeliverable, stating that Plaintiff was no longer in custody.

On June 5, 2018, an order issued adopting findings and recommendations and on June 6, 2018, an order issued finding service of the complaint appropriate and directing Plaintiff to complete and return service documents within thirty days. (ECF Nos. 13, 14.) On June 19, 2018, the order adopting was returned by the United States Postal Service as undeliverable, stating not deliverable as addressed. On June 26, 2018, the order finding service of the complaint was returned by the United States Postal Service as undeliverable, stating not in custody.

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.

## DISCUSSION

**A. Plaintiff's Failure to Comply with Court Orders and the Local Rules**

In this instance, the Court finds that dismissal of this action is warranted on two separate grounds. First, Plaintiff was ordered to complete and return service documents within thirty days of June 6, 2018. More than thirty days have passed and Plaintiff has not returned the service

2

documents or otherwise responded to the Court's order. Although Plaintiff's mail has been returned as undeliverable, Rule 182(f) provides that

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Therefore, service of the order on the current address of record is fully effective and Plaintiff's failure to comply with the order is grounds for dismissal of this action.

Second, pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was first returned, and he has not notified the Court of a current address. The Court notes that this action was previously dismissed due to Plaintiff's failure to keep the Court informed of his current address and he was forewarned of the results for further failure to update his address. The Court is unable to contact Plaintiff and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule. Therefore, this action should be dismissed for failure to prosecute.

**B.  The Factors Weigh in Favor of Dismissal**

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, e.g. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

1 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
2 1986) (dismissal for lack of prosecution and failure to comply with local rules).

3 "In determining whether to dismiss an action for lack of prosecution, the district court is
4 required to consider several factors: '(1) the public's interest in expeditious resolution of
5 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
6 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
7 drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421,
8 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions
9 that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products
10 Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

11 In this instance, the public's interest in expeditious resolution of the litigation and the
12 Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine
13 (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to complete and
14 return service documents within thirty days of June 6, 2018. Plaintiff has neither returned
15 service documents nor otherwise responded to the Court's order.

16 Further, pursuant to the Local Rules Plaintiff was required to keep the Court updated with
17 his most recent address. It has been more than sixty-three days since Plaintiff's mail was
18 returned as undeliverable and he has not provided the Clerk with an updated address. Therefore,
19 there is no current address at which to contact Plaintiff. Plaintiff's failure to comply with the
20 orders of the Court and the Local Rules hinders the Court's ability to move this action towards
21 disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

22 Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
23 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
24 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for
25 the delay. In re Eisen, 31 F.3d at 1453. The delay in this action is solely attributable to
26 Plaintiff's failure to comply with the Local Rule requiring that he keep the Court updated with
27 his current address and the failure to complete and return service documents. Further, this action
28 was previously dismissed for Plaintiff's failure to keep the Court advised of his address on

February 17, 2017.  Plaintiff was advised of this when the order was reserved on June 9, 2017.  However, Plaintiff did not file an amended complaint seeking to reopen the case until November 14, 2017.  The record demonstrates that Plaintiff does not intend to diligently prosecute this action and the risk of prejudice to the defendants also weighs heavily in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue and the Local Rules.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The March 22, 2018 order reopening this action advised Plaintiff that this action would be dismissed for his failure to keep the Court informed of his current address.  (ECF No. 10 at 2 n.1.)  Additionally, the June 5, 2018 order advised Plaintiff that failure to return service documents within thirty days would result in dismissal of the action.  (ECF No. 14 at 2.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the orders.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

Further, Plaintiff has failed to comply with the Court's order to complete and return service documents.  Local Rule 110 provides for sanctions for the failure to comply.

Finally, the events alleged in this action occurred prior to 2016 and Plaintiff has demonstrated that he will not diligently litigate this matter which demonstrates that Defendants will suffer significant prejudice based on the passage of time.

| 1 | Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH |
| 2 | PREJUDICE for Plaintiff's failure to comply with orders of the court and failure to prosecute. |
| 3 | This findings and recommendations is submitted to the district judge assigned to this |
| 4 | action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen |
| 5 | (14) days of service of this recommendation, Plaintiff may file written objections to this findings |
| 6 | and recommendations with the Court and serve a copy on all parties.  Such a document should be |
| 7 | captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district |
| 8 | judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § |
| 9 | 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may |
| 10 | result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) |
| 11 | (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated:   **July 10, 2018**

_____
UNITED STATES MAGISTRATE JUDGE